[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This cause came on to be heard by way of remand from the Supreme Court with instructions this Court conduct an evidentiary hearing to determine the date the plaintiffs discovered, or with all due diligence should reasonably have discovered, the causal connection between the defendant's alleged acts and the plaintiffs' alleged injuries.
Based on the testimony of the plaintiffs and the experts presented, and viewing said testimony in the light most favorable to the plaintiffs who oppose the defendant's motion for summary judgment I find as to the plaintiff Frances Doe the facts to be:
1. She was born on November 22, 1956 and would have attained the age of majority on November 22, 1974.
2. During the period of 1959-1972 she was the victim of intentional tortious conduct, namely sexual assaults, committed by the defendant Marc R. LaBrosse who is her natural father.
3. Frances told her mother in 1969 she was sexually assaulted by her father.
4. Frances knew at the time of her parent's divorce in 1972 that the sexual assaults made against her by her father were a reason for said divorce.
5. Frances was told by her father in 1974 when she was 18 that "I always thought you liked it" meaning the sexual assaults.
6. Frances told her husband-to-be in 1977 she had been sexually molested by her father but had no recollection of the specific acts of sexual abuse.
7. Although Frances knew she had been sexually assaulted by her father as the previous findings indicate she did not have a memory of specific sexual activity perpetrated on her by her father until she sought therapy in 1986.
8. Although prior to 1986 Frances was aware of being sexually assaulted by her father because she did not have a memory ofspecific sexual activity she would have been unable to respond to any questions that would follow the filing of a civil complaint, such as the date, time, place, and specific acts committed by her father upon her.
9. Since 1977 Frances had problems with her sexuality, with depression, with anxiety, and sleep disturbance but did not consult any social worker, psychologist, psychiatrist, or other professional until 1986 for what she believed to be marital problems.
10. As a result of the sexual abuse perpetrated upon her by her father Frances did suffer and continues to suffer from post-traumatic stress disorder (hereinafter referred to as P.T.S.D.).
11. P.T.S.D. and its sub-categories disassociation and repression affect victims of incestual abuse differently; some victims may completely repress all memories and emotions of the abuse, others may repress emotions but remember abuse, while others may have vague recollections or feelings, yet have no specific memories.
12. Frances did have vague recollections but had no specific memories.
13. P.T.S.D., repression and disassociation are uniformly common in survivors of child sexual abuse.
14. Survivors of incest often minimize the severity and wrongfulness of the abuse and almost universally blame themselves for the abuse.
15. Frances did not discover the causal connection between the sexual abuse committed upon her by her father and the psychological harm she suffered as a direct result until 1988 while in therapy with Natalie Roskin.
16. Frances could not have in the exercise of due diligence discovered the causal connection between the sexual abuse committed upon her by her father and the psychological injuries she suffered as a direct result until 1988 while in therapy with Natalie Roskin.
As to the plaintiff Karen Doe I find the facts to be:
1. She was born on December 13, 1957 and would have attained the age of majority on December 13, 1975.
2. During the period of 1959-1972 she was the victim of intentional tortious conduct, namely, sexual assault committed by the defendant Marc R. LaBrosse who is her natural father.
3. Karen has always had a recollection of specific sexual acts being committed upon her by her father prior to her eighteenth birthday, although she tended to minimize such behavior.
4. Karen told Diane Petrella, her psychotherapist, that she had specific memories since her childhood of being sexually abused by her father.
5. Karen "does not remember the sex acts not happening."
6. Karen did not feel that she had any emotional difficulties as a result of the sexual activity directed toward her by her father until January 1991.
7. Karen did not fully appreciate the harm caused by the defendant's actions until January 1991 approximately 15 years after she reached the age of majority.
8. Because of her knowledge of the acts committed, her education and intelligence Karen in the exercise of due diligence should have reasonably discovered that some harm resulted from said acts at least in 1982 when she advised her fiance prior to her marriage.